M’Girk, C. J.,
delivered the opinion of the Court.
It appears by the record that Todd is Clerk of the Circuit Court of Boone county, and that the county of Boone has not provided any house to keep the Clerk’s office In, and that Todd furnished a house for seveial years for that purpose; that he presented an account to to the Circuit Court for rent of office, and that the Court allowed him one hundred and twenty dollars; that the Court ordered the County Court to order arid direct the treasurer to pay the same. The County Court refused to do so. Todd then applied to the Circuit Court for a conditional mandamus, to which the County Court returned, in substance, as a reason why they did not'order the allowance to be paid, that by law they had the right alone to audit demands against the county; and secondly, that by law the Clerk of the Circuit Court is not entitled to any rent of a house to keep his office in; hut is bound at his own expense to provide the same. The Circuit Court then ordered and adjudged that a peremptory mandamus issue; whereupon the county of Boone took a writ of error to this Court.
The first point made by the Attorney General is, that a mandamus is not the proper remedy, because by law the county may be sued in an action; and that where the party- has another specific remedy, a mandamus will not lie. It is conceded that this principle is correct as a general rule. We see no reason to apply that rule to this case. It may be true, that if the county is bound by law to furnish a room or house to keep the office in, that an action would well lie against the county, as the law has provided for suing the county; but it is equally clear, that the Circuit Court is by express statute, to audit all the expenses against the county, incurred for books, stationery and other necessaries relating to the office of his Clerk. And with respect to these matters, 'when allowed by the Circuit Court, the County Court is hound by law to issue their warrant to the treasurer of the county, directing him to pay the same; and if the County Court refuse to order the warrant to be issued, a mandamus is, beyond doubt, an appropriate remedy.
The second objection is, that the demand allowed by the Circuit Court is not one which the county of Boone is bound to pay. The words of the statute are, “ that each Clerk appointed as aforesaid, shall (where it has not already been done) procure a seal, purporting to he the seal of the Court of which he is clerk, with such emblems, &c.} and a screw and other necessary apparatus for impressing the same, and *104 shall provide and safely keep) and preserve suitable books, furniture and other necessaries for their respective offices, and keep regular and faithful accounts thereof; and the Courts respectively shall audit and settle such accounts, and allow, in their discretion, such sums as shall be reasonable for their expenditures under the provisions-of this- section ; and all such allowances made to the Clerks of the Supreme Court shall be paid out of the State treasury,and all others out of the county treasury. See Revised, Code 208, section 5. The Attorney General insists that the words in this 5th section, other necessaries for their respective offices, cannot he made to include the house in which the business of the- Clerk is transacted, so-'as to- entitle the Clerk to rent or provide a house at the expense of the county t, and that nothing of higher value or greater degree can be embraced by the words, than things of like kind. It is insisted by Mr. ICji'tly, for the defendant in error, that a house for the office is to be included in. the words, because the house is not the office but that the office of &" Clerk is made up of the authority the Clerk has to do particular acts relating to the public administration of justice, and the duties required of him to be-performed by the law relating thereto, and that a house is only an incident, as a hook to record the judgments of the Court is an indispensable incident.. We are of opinion that a house is a necessary incident y that no> Clerk’s office can, be kept without z, house to perform the duties in. The law requires the Clerks to perform certain duties and has provided specific fees in general, and it seems to us to suppose that the Legislature could intend that he should furnish a house to keep the books and papers in at his own expense, would be unreasonable. In some of the counties, as in St. Louis, the building a house would be an item of expense that would consume the emoluments of the office for several years, and in all the- counties the land on which the house is to be erected must be bought or leased, for the Clerk would, have no right to build an office on the public square of his own authority. Yet it is his duty to. keep his office, at the place where the Court is held, and to keep safely and! securely all the. books, papers, &o. This cannot be done without presses, desks, fee., and these are provided for by the act. Another thing is necessary, and that is a house, to put and ke.e.p these things in. It is the duty of the Clerk to provide this house,, where none is provided $ and hqiy is he to do it? Shall he be compelled to take'his-own private property for public use without compensation ? This would be contrary to the State constitution. See declaration of rights, act 13, section?. Where is the Clerk’s compensation for the use of the iioqse? To say that the fees of office are his compensation, will not do¡. The answer to, thqt is, the laws have given those fees as a compensation for services. And to s^y that the qlijcqr accepted the office, subject to this burthen, and is therefore bound to fqrqish the hquse at his own expense, would be paying a poor compliment to the wisdom and justice qf the Legislature. If it be right tq make him furnish the house vyithqut compensation, why is }t nqt al-* so right to make him buy the bqoks, and furniture alsq, at his pwn expense ? It is conceived no satisfactory answer can be given to this questiqn. We cannot suppose then the Legislature would desire or intend tq use private property in this way, for public use. "We, therefore, are of opinion, that, the Legislature intend by the words other necessaries tq include the house in which the qffipe is kept. The same (General 4ssembly that passed this law, in the same session passed a law allowing the Clerks of the Supreme Cqurt office rent, vyherein nothing is' s^ifi yyith regard to office rent beiqg qllo.wed tq the Clerks pf Circuit Courts ; and thp Attorney General insists (hat tills ppquipsfcmce furnishes evidence that the General Assembly did not intend *105 that these Clerics should he allowed any office rent. In construing the intention of the General Assembly in relation to this matter, we must look at the difference of situation of these two classes of Clerks. With regard to the counties, the law requires that they should have land, a public square at least, on which a Court House, jail and public offices are to be built The offices to be built as soon as the condition of the county funds will admit of it. It is made the duty of the County Court, therefore, to provide houses for the public offices belonging to the counties, and until this is done, the county has no right to throw this burthen on the Clerk; but should pay rent unless some equivalent is given to the Clerk for the use of his house. But with regard to the offices of the Supreme Court, the case is entirely different. It is not the duty of the State to build public offices in every place the Supreme Court may be holden ; nor would it be wise to do so; for the Courts are continually liable to be changed from one place to another; and as no offices or houses are required by law to be provided at the public expense in this particular, the Legislature have made an express and permanent provision on the subject. And by this provision it is clear, the Legislature clearly thought it unjust to require the Clerks to furnish the house. Why then is it less unjust to require the Clerks of the Circuit Courts to do so until the counties shall see fit to provide these houses? This view of the subject satisfies us that the Circuit Court did right in making the majidamus peremptory.
The judgment is affirmed with costs. The cause is remanded for further proceeding.