JUNE TERM, 1838.

St. Louis County Court
v.
Ruland.

correctly dated; but the def. if he desires to put in issue that seeming variance, can do so by his pleas.

## ST. LOUIS COUNTY COURT v. JOHN RULAND.

The county courts are bound to allow their clerks and the clerks of the circuit courts their expenses of fuel.

*H. S. Geyer*, counsel for plaintiff in error:

1. That the circuit court is not empowered to order

the payment of any money out of the county treasury, especially at a criminal term.

2. That the account allowed by the circuit court is not chargeable upon the county treasury.

3. That the circuit court has power only to ascertain and settle the reasonableness of the sums charged; and the county court has the exclusive original jurisdiction to determine the liability of the county for the demand.

4. The superintending control of the circuit over the county court, is to be exercised by appeal on writ of error—not by mandamus. Authorities cited are—Revised Code, 1835; Johns. Rep. vol. 12; Dallas; 3 Term Rep.; 2 Maule & S.; 1 Wharton's Digest.

*J. Spalding*, counsel for defendant in error:

1. This amount was rightfully allowed by the circuit court—Rev. Code, 112–13, sec. 14, 17; 3 Mo. Rep. 140; the county of Boon vs. Todd; Rev. Code, p. 147, sec. 2; as to county buildings, Rev. Code, p. 152; Old Rev. Code, p. 208, sec. 5—261, sec. 1.

McGirk, Judge, delivered the opinion of the court.

On the 10th day of May, 1838, John Ruland, clerk of the circuit court of St. Louis county, filed in the circuit court of said county, an account for fuel for the office, in substance as follows:

St. Louis county, due to John Ruland, clerk of the circuit court.

| | |
|---|---|
| 1836. To amt. paid for 9 cords wood, hauling and sawing the same for use of the office, | $60 00 |
| 1837. Amt. paid for 235 bushels coal, from October, 1836, to April, 1837, at 25 cts. per bushel, | 58 75 |
| | 118 75 |
| For one cord of wood, | 16 00 |
| | $134 75 |

To which is an affidavit of Julius D. Johnston, which stated that no regular account of the items had been kept, but that the affiant thinks, and is sure, the quantities of wood and coal charged, are less than the quantities actually used.

The circuit court made the allowance, which was or-

*Margin:* JUNE TERM, 1838.

St. Louis County Court v. Ruland.

JUNE TERM, 1838.

St. Louis County Court v. Ruland.

dered to be certified to the county court for payment. That the same was presented to the county court of St. Louis county for a warrant to be issued to the county treasurer for the amount; which warrant the court refused to issue. Afterwards, Ruland applied to the circuit court for a mandamus on the county court to compel that court to issue the warrant. The circuit court issued a conditional mandamus, to which the county court returned, that the reason why they did not issue the warrant was, that they knew of no law to authorize them to do the same. The circuit court then issued a peremptory mandamus to that court to issue said warrant, fiom which order the county court appealed to this court. To prove that the clerk is entitled to the allowance for fuel, Mr. Spalding, of counsel for Ruland, has cited and relied on the Revised Code, 112–13, sec. 14, 17, and the case of Todd vs. the county of Boone, 3 M. R. 140; R. C. 147, sec.      , p. 112. The law declares that each clerk shall preserve the seal and other property belonging to his office, and shall provide and preserve suitable books, stationery, furniture, and other necessaries for the office, and keep correct accounts thereof, and each court shall settle such accounts, and allow such sums as shall be reasonable. All such allowances made to the clerk of the supreme court, shall be paid by the State; and those made to other clerks, shall be paid by the county.

To prove that the amount cannot be allowed by the county court, or rather, that they ought not to issue their warrant on the county treasurer for the amount allowed by the circuit court, Mr. Geyer cites and relies on the Revised Code, p. 157, which says the county court shall have power to audit and settle all demands against the county. In page 152, the act establishing a county treasury, requires the treasurer only to pay county moneys on the warrant of the county court. Mr. Geyer insists for the county, that it is exclusively the privilege and duty of the county court to audit and allow all demands against the county, and that the circuit court can only certify to them that the allowance is reasonable, and what the items were. Then the county court must judge the matter on its original authority, and determine whether or not the allowance is founded on items provided for by law.

The county courts are bound to allow their clerks and the clerks of     The first question to be considered is, whether fuel for the office is to be included under the word *necessaries*, mentioned in the 13th section of the act respecting

clerks—R. C. 112–13. The section declares each clerk shall preserve the seal and other property belonging to his office; and shall provide and preserve suitable books, stationery, furniture, and other necessaries for the office. There can be no doubt as to the items expressly mentioned, to wit: *books, stationery, and furniture;* but what is meant by the words *other necessaries?* It has already been decided that a house to keep these books, stationery, and furniture, is an absolute and indispensable necessary, the rent of which the county is bound to pay— county of Boone vs. Todd, 3 Mo. R. 140. The counsel for the county has taken a distinction between those things necessary for the officer's comfort and convenience, as a mere man, such as clothes and the like, and those things which enter into the idea of things for the office and not for the man; and he insists that fire for the man, who is the officer, is of the first kind mentioned. This distinction is nice and hard to be gotten hold of, but yet it may exist. In the case of fuel, my opinion is, that it is necessary both for the office and the officer. The public business, as to the officer and the public, cannot, in cold weather, be carried on without fuel, any more than they can be carried on without a shelter; and furthermore, the act expressly allows for stationery—all agree this word includes quills; how it can be that the legislature would be content to provide for this comparatively trifling item, and yet intend to omit the more costly and important article of fuel, I do not well understand. It seems to me the words, other necessaries, mean something. It has already been holden by this court that they mean a house. What then else is to be fairly included in them without pressing the words too hard? Propound clothing for the clerk; that will not do, because every man is bound by law and decency to clothe himself. Propound luxuries—name what you please; that will not do either, because the law is against them for public and private use, and the use of them cannot in any way advance the public business to be done by or in the office; and besides, the use is only applicable to the man and not to the office. Then propound fuel; here we see comfort and use to the man, the office and the public. We may, therefore, conclude the item of fuel is necessary for the office, though it may also be necessary for the officer and the public.

The next point is, whether the claimant has pursued the law so as to enable him to have the amount he claims. I think he has not. It appears by the record,

JUNE TERM,
1838.

St. Louis County
Court
v.
Ruland.

the circuit courts their expenses of fuel.

he kept no account as the law expressly requires him to do. The excuse given by him is, that he did not know when he furnished the items that an allowance would be made therefor; he kept no account. This excuse is not any reason to dispense with the keeping the account. But there is one other reason why this account ought to have been kept, and why, also, the circuit court's order for the peremptory mandamus must be reversed, which is, that the office of the clerk of the supreme court and that of the clerk of the circuit court, are kept by the same man and in the same house, and how much may have been used for one office and how much for the other, has not been distinguished. The county is bound for the expenses of the office of the circuit court, and for those of the State, the State is liable. Here all are charged to the county, which is wrong.

The order, therefore, of the circuit court commanding the county court to issue an order on the county treasury, is reversed with costs, Judge Edwards concurring herein.

TOMPKINS, Judge.—I do not concur in the opinion that the clerks ought to be allowed their expenses for fuel.