SAYLER, Appellant, v. NODAWAY COUNTY.

### Division One, February 12, 1901.

Probate Judge: STAMPS: WHEN PAID FOR BY COUNTY. Under the statute providing that the necessary expense incurred by the probate court "for books, stationery, furniture, fuel and *other necessaries* shall be paid by the county," the county court is compelled to pay the probate judge for postage stamps necessarily used in the discharge of his official duties.

Appeal from Nodaway Circuit Court.—*Hon. C. A. Anthony,* Judge.

REVERSED AND REMANDED *(with directions).*

*Joseph H. Sayler* and *J. S. Shinabargar* for appellant.

(1) The phrase "and other necessaries," in section 3405, means something. County of Boone v. Todd, 3 Mo. 140; St. Louis County v. Ruland, 5 Mo. 159. (2) Words and phrases, the meaning of which in a statute have been ascertained, when used in a subsequent statute, are to be understood in the same sense. Collins v. Wilhoit, 35 Mo. App. 585. (3) The necessary incidental expense of the court must be paid. Commissioners v. Hall, 7 Watts, 290; Board of Supervisors of DeKalb County v. Beveridge, 16 Ill. 312. (4) The probate court is a court of record, and to that court alone belongs the right to determine what expenditures are necessary to carry on the public business of the court with efficiency. State ex rel. v. Smith, 15 Mo. App. 327; State ex rel. v. Smith, 15 Mo. App. 412; Watson v. Moniteau County, 53 Mo. 133.

*J. M. Dawson* for respondent.

ROBINSON, J.—This action was begun by plaintiff filing an account with the county court of Nodaway county, for expenses incident to the administration of the office of the probate judge of said county. Part of the amount was allowed by the county court, but the items for postage stamps furnished by the probate judge and certified by the probate judge for payment because necessary and actually used in his office from December 19, 1896, to March 3, 1897, were rejected and disallowed, and from said action of the county court an appeal was duly taken to the circuit court, when upon a trial there the case was again decided against the appellant herein, Joseph H. Sayler, the then judge of the probate court of Nodaway county. In the trial of the case in the circuit court it was agreed that the stamps amounted in the aggregate to $4 and were used by the plaintiff in the discharges of the

office business of his office, and were necessarily required therein and were purchased by plaintiff, and that, at the time of the presentation to the county court for allowance for the account, there was sufficient funds on hand unappropriated in the contingent fund of said county, with which the same could have been paid.

But one question is raised on this appeal, and that is as to whether stamps used in the discharge of the official business of a probate judge is included within the words "and other necessaries," as the same are used in section 1762, Revised Statutes 1899, said section reading as follows:

"Every probate court shall have a seal of office, of some suitable device, the expense of which, and the necessary expense incurred by said court for books, stationery, furniture, fuel and other necessaries, shall be paid by the county."

Under a statute applicable to circuit clerks, quite similar to the present in its wording, this court in its early history was twice called upon to determine what furnishings by the clerk were to be included within the meaning of the term "other necessaries."

In the first case, County of Boone v. Todd, 3 Mo. 140, it appeared that the county of Boone had not then provided a place for the office of the circuit clerk, but that the clerk had furnished his own house for that purpose for several years, and finally presented his account for the value of the rent thereof, to the circuit court for approval, and that court allowed to him one hundred and twenty dollars on this account, and directed the county court to allow and make an order upon the county treasurer to pay the same. The county court refused to make its order upon the treasurer, or to allow to the circuit clerk anything upon his account, whereupon the clerk applied to the circuit court for a conditional mandamus, to which the county court answered, that under the statute the

circuit clerk is not entitled to pay for rent of a house in which to keep his office, but is bound at his own expense, to provide the same. The writ was on hearing made peremptory by the circuit court, and the case was brought here on the county's appeal, the question there being, what is to be included under the term "and other necessaries" as the same was used in the statute as it then existed, with no definite provision made as to the subject of the clerk's office, or the rent to be paid therefor. The restricted view of the county court in that case was disapproved, on that appeal, the court, during the course of the opinion, saying: "Yet it is his duty to keep his office at the place where the court is held, and to keep safely and securely all the books, papers, etc. This can not be done without presses, desks, etc., and these are provided for by the act. Another thing is necessary, and that is a house, to put and keep these things in. It is the duty of the clerk to provide this house, when none is provided; and how is he to do it? Shall he be compelled to take his own private property for public use without compensation? This would be contrary to the State Constitution. See Declaration of Rights, article 13, section 7. Where is the clerk's compensation for the use of the house? To say that the fees of office are his compensation, will not do. The answer to this is, the law has given those fees as a compensation for services. And to say that the officer accepted the office, subject to this burden, and is therefore bound to furnish the house at his own expense, would be paying a poor compliment to the wisdom and justice of the Legislature. If it be right to make him furnish the house without compensation, why is it not right to make him buy books and furniture also at his own expense? It is conceived no satisfactory answer can be given to this question."

In a similar proceeding, St. Louis County Court v. Ruland, reported in 5 Mo. 268, the question as to whether fuel

Sayler v. Nodaway County.

furnished for the office of the circuit clerk could be included
under the words "other necessaries" mentioned in the act then
in force respecting clerks, which provided that, "such clerk
shall preserve the seal and other property belonging to his
office, and shall provide and preserve suitable books, station-
ery, furniture and other necessaries for the office," reached
this court for consideration and it was therein determined to
be ample in its scope to include fuel, or wood furnished for
fuel.    The only question in the mind of the court seems to have
been to ascertain whether the item for which the account, as
presented by the clerk, was in fact necessary for the office, and
not whether the rule of construction, *"ejusdem generis"* or
that of *"expressio unius est exclusio alterius,"* should be ap-
plied to determine whether the item furnished upon which the
account was predicated, was covered by the language employed
in the section or not.

By the same rule of interpretation the judgment of the
circuit court herein must be reversed, for in this case it was
agreed at the trial, that the stamps, for which the probate judge
presented his bill to the county court for allowance, were used
in the discharge of the official business of his office and that
they were necessarily required in the performance of his offi-
cial duty.    While everything that an official may use to facil-
itate him in the accomplishment of the work he is directed by
law to perform, may not be said to fall within the meaning of
the term "all other necessaries," as used in section 1726, supra,
certainly everything that he is directed to use, or that must
necessarily be used in the performance of a designated act or
acts required to be performed by him, should be held to be
included within the meaning of that term, unless something
previously or subsequently used in the section or act so pro-
viding, should clearly indicate a contrary intention.

To suggest that an officer is oftentimes called upon, and

may be compelled, to perform certain services for which no compensation has been provided, and for which he can collect nothing, is no answer to the proposition that an officer should not be compelled to directly contribute his own means for the public welfare without recompense.

The judgment of the circuit court will therefore be reversed and remanded with directions to enter judgment for plaintiff for the sum of four dollars, together with all the costs of this suit. All concur.