STATE *ex rel.* F. G. HOPKINS, Plaintiff, *v.* JUSTICES OF BU-
CHANAN COUNTY COURT, Defendants.

*Criminal Practice—Costs—Execution.*—When a party indicted for a misde-
meanor confesses the action and judgment is entered against him for the
costs, if the defendant be unable to pay the costs, they must be paid by the
county— G. S. 1865, ch. 219. A dismissal of the case at defendant's costs
by an agreement of the defendant and prosecuting attorney with the as-
sent of the court, is a confession of the action and is equivalent to a convic-
tion. The issuing of an execution for costs by the clerk of the court is the
proper method of determining the ability of the defendant to pay the costs.

*Petition for Mandamus.*

The petition was as follows :

Your petitioner, F. G. Hopkins, respectfully represents that
he is clerk of the Circuit Court of Buchanan county, State
of Missouri, duly elected, qualified, and acting as such, and
was at the time of the rendering of the services mentioned
in the fee-bill hereinafter set forth ; that at the —— term of
the Circuit Court within and for the county aforesaid, H. W.
Smith was by the grand jury indicted for selling whiskey
without a licence ; that said indictment was at said term
duly returned into court endorsed " a true bill " and signed
by the foreman ; that the process was ordered thereon by the
court and duly issued by petitioner, and served by the
sheriff ; that all of the services charged in said fee-bill
were rendered by your petitioner in the discharge of his du-
ties as clerk of said court ; that at the ——° term of said
court, ——, 18—, the circuit attorney, with and by the con-
sent of said court and the agreement of the defendant in
said indictment, dismissed the same at the costs of said de-
fendant, and judgment was rendered accordingly ; that exe-
cution was issued thereon, but the same could not be col-
lected ; that said defendant was wholly insolvent, and is still
insolvent ; that said fee-bill was duly examined by the judge
and circuit attorney of the court in which said judgment
was rendered, and certified to the County Court for pay-
ment, according to the provisions of the statute in such cases

made and provided, but said County Court, consisting of defendants, refused and still refuse to allow and order the payment of the same or any part thereof; he, your petitioner, therefore prays for a mandamus against said defendants, returnable this day, requiring them to pay said fee-bill, or show cause why a peremptory mandamus compelling them to do so should not be issued.

Answer of defendants:

The plaintiff and defendants agree that the petition herein filed for a mandamus may be considered at the present term upon the following agreed state of facts:

1. It is agreed that the services were rendered as charged, but the defendants objected to paying them upon the following grounds: 1st. In this case the cause was dismissed, by the agreement of the prosecuting attorney and the defendant, without conviction or a plea of guilty. The County Court objects to pay the costs in said cause because there is neither a conviction or acquittal, but simply an arrangement between the attorney and defendant that he shall not be prosecuted if he will pay the costs.

2. If this judgment has any validity the County Court claims that it amounts only to a naked dismissal, and the costs charged by the circuit clerk for issuing execution, and all increased costs based upon the assumed validity of the judgment against the defendant, are improperly charged against the county.

*Woodson*, for plaintiff.

The plaintiff relies upon the 219th chapter of the General Laws, commencing at p. 865; also upon the case of State v. Beard, 31 Mo. 34.

FAGG, Judge, delivered the opinion of the court.

This is a petition for a mandamus requiring Philemon Bliss, George Schriber, and Monroe Boyer, justices of the County Court of Buchanan county to allow and order the

payment of a bill of costs, alleged to be due the petitioner as the clerk of the Circuit Court of said county, under and by virtue of the provisions of chap. 219 of General Statutes of Missouri. The case is presented here upon an agreed statement of facts, and requires but a brief consideration.

It is claimed that the liability of the county in this instance is fixed by the second section of that chapter : " The county in which the indictment is found shall pay the costs in all cases where the defendant is sentenced to imprisonment in the county jail, and to pay a fine, or either of these modes of punishment, and is unable to pay them." The facts in relation to the services for which the petitioner claims that he is entitled to the fees as charged are set out in the petition, and admitted to be true by the defendants. It seems that at the —— term of the Buchanan Circuit Court, one H. W. Smith was indicted by the grand jury for selling whiskey without a licence. At a subsequent term, the circuit attorney, acting under the consent of the court and by agreement with the defendant, dismissed the prosecution at defendant's cost. The costs were all regularly taxed, including a charge by the clerk for issuing an execution against the defendant, and were certified to by the judge and circuit attorney in the manner pointed out by the statute. It is claimed that the county is not liable because, 1st. There was no conviction of the defendant; and 2d. If it is bound for any portion of the costs, it ought not to be required to pay any that accrued subsequent to the order of dismissal.

The judgment for costs in every criminal case where there is a conviction necessarily follows as a part of the punishment inflicted. The conviction of the defendant is the evidence fixed by the statute for determining his liability to pay the costs of the prosecution. If the conviction is for a felony and he is unable to pay them, the costs are then paid by the State ; if for a misdemeanor, by the county. What difference can it make to the county whether he is tried and convicted of the offence charged against him, or voluntarily confesses the charge to be true ? In either case he would

be required by the judgment of the court to suffer the penalty imposed by law. In this case the judgment of the court entered upon his own voluntary assumption to pay the costs was sufficient to bind him for that purpose. In other words, he has by his own act fixed his liability to pay the costs, and if unable to pay them, the county is just as much bound as if his liability had been fixed by law. We can perceive no reason why the services rendered in issuing the execution were not as necessary as any others charged for. It was perhaps the most satisfactory way in which the ability of the defendant to pay costs could be determined. In any event it followed as a necessary incident to the judgment against the defendant, and should be paid as well as the remainder of the bill.

A peremptory mandamus will be issued. The other judges concur.