THE STATE *ex rel.* BROWN V. HOLLADAY, *State Auditor.*

**Legislative Power over County Revenues**: CRIMINAL COSTS. The Legislature having the same control over the revenues of the counties as it has over those of the State, may require costs in criminal cases, which, at the time they accrued, were by law payable out of the State treasury to be paid by the counties. Hence, the State has not, since the 1st day of November, 1879, been liable for the board of a prisoner in the county jail for a term prior to that date, the bill of which was not certified by the judge and prosecuting attorney until after that date, the revised statutes, which then took effect, having transferred that liability from the State to the several counties. § 5608.

*Original Mandamus.*

WRIT DENIED.

*Edwin Silver* for relator.

*J. L. Smith*, Attorney-General, for the State.

HOUGH, J.—This is a proceeding by mandamus to compel the auditor of public accounts to audit and allow as a just demand against the State, an account for the board of the defendant in the case of the *State of Missouri v. Wm. Jones*, from October 15th, 1879, to November 4th, 1879, said defendant having been sentenced to imprisonment in the penitentiary at the October term, 1879, of the Monroe circuit court, for the crime of burglary. The precise date at which the fee bill was made out by the clerk and allowed by the judge and prosecuting attorney, does not appear, but it must have been after the 1st day of November, 1879, the day on which the Revised Statutes took effect, as the account includes the board of the defendant up to the 4th day of November.

By section 5608 of the Revised Statutes, costs for boarding prisoners in the county jail are required to be paid by the counties in all cases. The Legislature has no power to deprive an officer of fees already earned by him.

but the officer acquires no vested right to be paid out of any particular fund, and the Legislature may lawfully require that costs in criminal cases, previously incurred, shall be paid by the county, and not by the State, although such costs were, at the time they were incurred, payable by the State. The law in force at the time the officer's claim is allowed and certified by the judge and prosecuting attorney must control, and not the law in force when the services were rendered. The Legislature has as much control over the revenue of the counties as it has over that of the State, unless restrained by some provision of the constitution. *Hamilton and Treat v. St. Louis Co. Court,* 15 Mo. 3; *State ex rel. Police Commissioners v. St. Louis Co. Court,* 34 Mo. 546. There is no provision of the constitution which conflicts with the statute cited. The writ will, therefore, be denied. All the judges concur.