## The State *ex rel.* Dalton v. Hill.

1.   **Costs in Criminal Cases**: WITNESS FEES.  The judge and prosecuting attorney connot be compelled to certify for payment a bill of fees for witnesses summoned by the defendant in a criminal case, beyond a number ascertained by allowing three witnesses for each fact necessary to be proved by the defendant in his defense.   Acts 1874, p. 27, § 25.

2.   ———; AFTER-ENACTED STATUTE.  The prohibition contained in section 2116, Revised Statutes, against taxing the State with the costs of witnesses unnecessarily summoned and not examined, applies to a case where such costs accrued but were not taxed prior to the enactment of that section.

*Mandamus.*

WRIT DENIED.

Mandamus against the judge and the prosecuting attorney of the eighteenth judicial circuit to compel them to certify to the State Auditor for payment by the State, a bill of fees alleged to be due seventy-five witnesses summoned on the part of the defendant, but not examined in the criminal case of the State against Gibson.

*Belch & Silver* for relator.

SHERWOOD, C. J.—The Hon. V. B. Hill, judge of the eighteenth judicial circuit, has made return to the alternative writ herein, and the demurrer of relator questions the sufficiency, and admits the truth of the allegations of such return.  The facts which thus stand admitted are:   1st. That the fees of all witnesses examined by the defendant, G. B. Gibson, on his

trial, were certified to the State Auditor for payment. 2nd. That said judge refused to certify the fees of the witnesses set out in the alternative writ, because such witnesses were neither necessary witnesses for the defense of the defendant, Gibson, nor were they examined by him on his trial. 3rd. That there were not more than six facts necessary to be proven by defendant to establish his defense, which was an *alibi*. 4th. That the State of Missouri is not liable for the costs of more than three witnesses to establish any one fact.

The number of witnesses set out in the alternative writ, and referred to in the return as unnecessary and not examined, is seventy-five, whose fees aggregated $771.70. The statute under which was taxed the bill of costs containing the fees of witnesses who were examined, was that of March 28th, 1874. Section 25 of that act provides: " The judge and circuit or prosecuting attorney shall in no case tax the State or county with more than the costs of three witnesses to establish any one fact." Laws of 1874, p. 27, § 25. How many witnesses were examined, and whose fees were certified for payment by the judge, does not appear; but it does appear and stand admitted by the demurrer, that there were not to exceed six facts constituting the defense of the defendant, and if so, leaving out of the question the witnesses who were examined, eighteen witnesses, even if examined, were all that were necessary and all whose fees could, *prima facie*, under the law quoted, have been certified to the auditor for payment. This ground, alone, would suffice for holding the return not obnoxious to the objection taken thereto.

But there is yet another ground upon which we may bottom our belief that the return is sufficient. It is this: 2. ———: after-enacted statute.　The section quoted has been amended by the addition thereto of these words: " Nor with the costs of witnesses unnecessarily summoned and not examined, but the costs of such surplus or unnecessary witnesses shall, in the discretion of the court, be taxed against

93—72

the party or attorney causing them to be summoned." 1 R. S. 1879, § 2116. Although the fee bill was certified at the March term, 1878, the amendatory section governs this case. We cannot, therefore, in view of the law as it now stands, require the respondent to do a forbidden act, by certifying as costs the fees of witnesses who were, according to the confession made by the demurrer, neither necessary nor examined.

In consequence of these views, we shall deny the peremptory writ. All concur.