STATE *ex rel.* ALLEN v. WALKER, *State Auditor.*

**Criminal Costs**: STATUTE.    The State is not liable for the expense of boarding and lodging a jury incurred before the going into effect of the act of March 8th, 1883, (Laws, p. 80,) where, in the trial of a felony, it was not permitted to separate, and failed to agree on a verdict; and this is the case although the account for said expense was allowed and certified to the State Auditor by the trial judge and prosecuting attorney, after the going into effect of said act.

*Mandamus.*

WRIT DENIED.

*L. F. Parker* for relator.

The application of the act of 1883 to this case, would

not make it retrospective in its operation. Criminal costs are to be taxed and paid under the law in force when the bill is certified and as of that date. *State ex rel. Brown v. Holladay,* 70 Mo. 137 ; *Lucas Bank v. King,* 73 Mo. 590.

*Smith & Krauthoff* for respondent.

The act of the legislature of March 8th, 1883, amending Revised Statutes 1879, section 2093, should not be construed retrospectively. Cooley's Const. Lim., § 370 ; *State ex rel. v. State Auditor,* 52 Mo. 578 ; *State ex rel. v. State Auditor,* 41 Mo. 25 ; *Sayes v. Wisner,* 8 Wend. 661 ; *Brown v. Wilcox,* 14 S. & M. 127 ; *Quackenbush v. Danks,* 1 Denio 128 ; *Haley v. Philadelphia,* 68 Pa. St. 137 ; *Clark v. Baltimore,* 29 Md. 277 ; *Bennett v. Fisher,* 26 Iowa 497 ; *Conway v. Cable,* 37 Ill. 82 ; *Atkinson v. Dunlap,* 50 Mo. 111 ; Const., art. 3, § 15. In *State ex rel. Brown v. Auditor,* 70 Mo. 137, cited for relator, the State was liable for the charge therein, when the same accrued. The charge here made for furnishing board and lodging to the jury, was not expressly authorized by law. R. S. 1879, § 2110. See also *Ib.,* § 5606. The fact that the judge and prosecuting attorney certify that a charge in a fee bill is authorized by law, is not conclusive on the auditor. *Morgan v. Buffington,* 21 Mo. 549 ; *State ex rel. v. Auditor,* 37 Mo. 175. All statutes relating to costs must be strictly construed. *Shed v. Railroad Co.,* 67 Mo. 687 ; Bac. Abridg., Title Costs, "A."·

HENRY, J.—This is a proceeding by mandamus to compel the State Auditor to allow and audit an account for $36, for boarding and lodging a jury empanneled to try the case of the *State v. Michael Miller.* Miller was indicted in the circuit court of Crawford county, and at the September term of said court, 1882, a change of venue was awarded, and the case was sent to Phelps county. At the February term, 1883, of the circuit court of that county, there was a mistrial, and the account in question was for boarding and

lodging of the jury then empanneled to try the cause. At an adjourned term of said court, held in October, 1883, the cause was again tried and Miller was acquitted, and, at the same term, the judge and prosecuting attorney examined and allowed said account. The question is, whether the State is, by law, chargeable with said costs.

By an act of the general assembly, approved March 8th, 1883, (Laws, p. 80,) it was provided that "in all capital cases in which the defendant shall be convicted, and in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary, the State shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant. And in all cases of felony, when the jury are not permitted to separate, it shall be the duty of the sheriff in charge of the jury, unless otherwise ordered by the court, to supply them with board and lodging during the time they are required by the court to be kept together, for which a reasonable compensation may be allowed, and the same shall be taxed as other costs in the case; and the State shall pay such costs, unless, in the event of conviction, the same can be made out of the defendant."

When this act was passed there was no law providing for the payment of such expenses as relator's claim is based upon. This is conceded. It was held in State ex rel. Brown v. Holladay, that "the law in force at the time the officer's claim is allowed and certified by the judge and prosecuting attorney, must control, and not the law in force when the services were rendered." 70 Mo. 137. The account in question was certified by the judge and prosecuting attorney in October, 1883. The act of 1883, supra, took effect ninety days after the adjournment of the general assembly by which it was enacted, and that assembly adjourned on the 2nd day of April, 1883, so that the act took effect July 1st, 1883. The language of this court in the State ex rel. v. Holladay must be construed with reference to the facts of that case, and in connection with the balance of the opin-

ion. Prior to 1879 the expense of boarding a prisoner sentenced to imprisonment was, by law, payable by the State, but by section 5608 the county is required to pay it. The expense in that case was incurred when it was, by law, payable by the State, and, after the Revised Statutes took effect, the account was duly certified, and although the language above quoted occurs in the opinion, yet the further observation is made that " the legislature has no power to deprive an officer of fees already earned by him, but the officer acquires no vested right to be paid out of any particular fund." In the case at bar, when the expense for boarding the jurors was incurred, it was not taxable as costs against the county or State. No provision of law authorized or required, either the county or State to pay it. The officer incurring the expense had no vested right to it as fees or costs, wherein this materially differs from the case of the *State ex rel. Brown v. Holladay.*

In order to award a peremptory mandamus here, we must so construe the act of 1883 as to give it retrospective effect, and this cannot be done, unless it be warranted by its terms. The language of the act must clearly show a legislative intention that it should operate retrospectively. Cooley's Const., Lim., 370; *State ex rel. v. State Auditor*, 52 Mo. 578; *State ex rel. v. State Auditor*, 41 Mo. 25. "Every act of the legislature must be held to be prospective in its operation, unless a different effect is clearly to be gathered from its terms;" (41 Mo., *supra;*) " and unless the language employed admits of no other construction." Nothing in the act of 1883 indicates a legislative intent that it should act retrospectively, and to grant to relator what he asks, the act of 1883 must be construed, not only as retrospective in its operation, but also as having the effect to create a liability against the State for expenses or costs incurred, which, under the law in force before its enactment, was not recognized as an obligation of either the county, or the State, but as an expense incurred by the officer who had no legal right to reimbursement from any quarter. In short, to create a

debt of that which was not a debt against the State or the county before its enactment.

The demurrer to the alternative writ is sustained, and judgment accordingly. All concur.