SHERIDAN, *Appellant*, v. FLEMING *et al.*

1. **Swamp Lands, Reclamation of: POWER OF COUNTY COURT TO LEVY ASSESSMENT: SECOND ASSESSMENT.** Under the act of 1869 (Laws, p. 63), providing for the reclamation and improvement of swamp lands, the power and authority of the county court to levy taxes to pay for the work is not exhausted by the levy of an amount sufficient for that purpose as estimated by the commissioners, but additional assessments may be made, if necessary to complete the work, upon the county at large and upon the owners of lands reclaimed and benefited.

93  321
33a 644

93  321
40a 652

93  321
47a 649

93  321
135 546

93  321
145  33

93  321
153  56

93   321
176  3564
96a  2230

2.  ——— : ——— : ——— : MANDAMUS.  Where there is a balance due the contractor, in addition to the estimate of the commissioners, he can compel the county court, by mandamus, to levy an additional tax to pay such indebtedness, inasmuch as there is no provision for an appeal from the order of the court refusing to make the levy.

3.  ———: ———: PRACTICE : APPEAL FROM COUNTY COURT.  Appeals are allowed from the county court only where, in the nature of the case, the circuit court can try the matter anew, and give such judgment as the county court should have given.  The circuit court could not levy the tax.

4.  ——— : ——— : JUDGMENT : MANDAMUS.  The debt having been ascertained and the warrant being drawn on a special fund and payable from such fund, no judgment against the county court was necessary as a condition precedent to the writ of mandamus.

*Appeal from Holt Circuit Court,*—HON. H. S. KELLEY, Judge.

REVERSED AND REMANDED.

*James Limbird* for appellant.

The general denial, filed as answer, was no return to alternative writ granted.  Demurrer ought to have been sustained, and peremptory writ awarded.  R. S., sec. 3254. Until a proper return to alternative writ was made by defendants, and reply by plaintiff, there was and could be no issue for trial.  R. S., sec. 3255, 3261; *State v. Bollinger County*, 48 Mo. 475 ; *State ex rel. v. Lafayette County Court*, 41 Mo. 545 ; *Austin v. Court*, 35 Mo. 198 ; *State ex rel. v. Everett*, 52 Mo. 89 ; *State ex rel. v. Myers*, 80 Mo. 601.  The evidence fully sustains every allegation in the petition and the trial court erred in refusing the peremptory writ. 2 W. S., secs. 30–40, p. 872 ; 48 Mo. 475 ; Cooley on Taxation [ 2 Ed. ] 738 ; 2 Dillon on Corp., secs. 849, 868 ; *Brownell v. Supervisors*, 49 Mich. 414 ; *State v. Tyler*, 48 Conn. 145 ; *Decatur County Board v. State*, 86 Ind. 8 ; *State v. Com'rs*, 18 S. C. 597 ; *People v. Supervisors*, 2 Keyes [ N. Y. ] 288 ; *Nelson*

*v. St. Martin's Parish*, 111 U. S. 716. The law directed the county court to pay the warrant that had been issued to him. 2 W. S., secs. 30–40, p. 872. This they refused to do. No appeal could lie to the circuit court, as there was no question at issue and nothing to be tried *de novo*. In all such cases the writ of mandamus is the appropriate remedy. 1 Desty on Taxation, 521, 523, 530, and cases cited; High's Extraordinary Rem. (2 Ed.) secs. 37, 38, 139, 232, 233, 370. The amount of the demand was fixed, had been adjusted by the Holt county court; was due appellant and unpaid; mandamus lies to compel the court to provide for the payment thereof. 1 Desty on Taxation, 533, 535, and authorities cited. Mandamus is the proper remedy to compel a municipal corporation to pay the claim of a creditor, or to compel a tax levy to pay the debt of a county. Desty on Taxation, 635, 636, and authorities cited.

*S. O'Fallon* for respondents.

BLACK, J.—Sheridan applied to the circuit court of Holt county for a writ of mandamus requiring the judges of the county court to levy taxes for the payment of a warrant by him held on the county treasurer. The peremptory writ being denied, he appealed to this court. The facts disclosed are these : In 1874, Sheridan made a contract by which he became bound to dig what is called Tarkio ditch. The contract was made with commissioners, appointed by the county court under the act of March 3, 1869, which provides for the reclamation and improvement of swamp lands. After the contract had been made, the commissioners reported to the county court the estimated cost of the work, which they fixed at $6,267 ; and they estimated the benefits which would accrue to the county at large at $4,666 ; and they reported that the property specially benefited, a list of which was given, should pay the difference between these two

amounts.  The work was completed and accepted by the commissioners, and their report to the county court of the entire cost was approved.  The cost, including expenses allowed by the commissioners to persons other than the contractor, exceeded the estimated cost made by the commissioners.  The result is that Sheridan holds a warrant for some $1,700 and interest, for the payment of which there is no fund in the county treasury, and the county court, on his request, declined to levy taxes to provide the requisite fund, and hence this proceeding.

In the absence of any brief on the part of the respondents, we are at a loss to know on what ground the circuit court refused the peremptory writ, unless it be that taken by the county judges, namely, that having levied and collected a tax for the amount of the work, as estimated by the commissioners, their power and authority had ceased, and that the court had no power to make any further levy.  We do not agree to the proposition. Under the act of 1869, the commissioners must let the contract to the lowest bidder.  The contract having been let, they must make an estimate of the cost of the work, giving an estimate of the benefits to the county at large, and to the property specially benefited.  Those estimates, when approved by the county court, constitute the basis of taxes to be levied, both as to the county at large, and as to the persons specially benefited.  The costs and expenses of making the improvements must be paid out of taxes collected for that purpose.  If the improvements are not completed within one year after the appointment of the commissioners, additional assessments may be made, upon the county at large, and upon the owners of lands reclaimed and benefited.  There is nothing in the act which limits the amount to the estimate first made by the commissioners.  The law does not contemplate that they must, in the first instance, report the exact amount of the work.  It would be impossible for them to do this, for they must pay for

surveys, condemnation of property and the like, all of which expenses must be paid out of the fund. Neither these expenses, nor the cost of the work, can be ascertained with accuracy in advance. Besides, the contractor has nothing to do with the estimate ; and to say that he must go unpaid because of a mistake of the commissioners in a matter over which he has no control is manifestly unjust. The law contemplates no such results.

As to the contractor's right to the writ of mandamus in this case, we think there is no question. He could not have appealed from the order of the county court refusing to levy a tax, because no appeal is provided for in such cases. His application to that court was not to have the demand allowed, but for the levy of a tax to pay a demand then adjusted. Appeals are allowed only where, in the nature of the case, the circuit court can try the matter anew, and give such judgment as the county court should have given. *St. L., I. M. & S. Ry. Co. v. St. Louis*, 92 Mo. 160. The circuit court could not levy the tax. The debt having been ascertained, and the warrant being drawn on a special fund and payable from that, no judgment is necessary as a condition precedent to the writ of mandamus. *State ex rel. v. Justices Bollinger County Court*, 48 Mo. 475.

On the return of this case to the circuit court, we suggest that the proceedings be amended so as to show that the case is prosecuted in the name of the state at the relation of Sheridan. Judgment reversed and cause remanded. All concur.