The State ex rel. Jacobi & Bennett v. Heege.

The State of Missouri *ex rel.* Hugo S. Jacobi and Charles D. Bennett, Relators, Respondents, v. Theodore Heege *et al.*, Appellants.

St. Louis Court of Appeals, April 29, 1890.

1. **Criminal Law :** ACTION OF COUNTY COURT IN AUDITING FEE BILLS ; MANDAMUS. A county court acts ministerially in auditing the fee bills of justices of the peace and constables for costs in criminal cases, after the proper certification thereof by the judge of the circuit court and the prosecuting attorney ; and *mandamus* is a proper remedy, if a county court refuses to perform its duty in this respect.

2. ———: COSTS OF JUSTICES OF THE PEACE. A justice of the peace is not deprived of his proper fees in criminal prosecutions before him for vagrancy under the statute of the state, by reason of the fact that he is also a recorder of a town, whose ordinances authorized similar prosecutions for vagrancy before him as such recorder.

3. ———: COSTS OF TOWN CONSTABLE. If the charter of a town authorizes a board of trustees to appoint a town constable or marshal and to prescribe his duties by ordinance, and an ordinance is accordingly adopted by such board, by which he is given all the powers and duties of a constable of any municipal township, such ordinance is valid, and a town constable or marshal so appointed is entitled to the same costs in criminal prosecutions in such town under the statutes of this state as would be allowed to an ordinary constable.

*Appeal from the St. Louis County Circuit Court.*
Hon. W. W. Edwards, Judge.

Affirmed.

*C. A. DeFrance, J. G. Hawken,* for the appellants.

*Wm. S. Bodley,* for the respondents.

Biggs, J., delivered the opinion of the court.

This a proceeding by *mandamus* to compel the defendants, as judges of the county court of St. Louis

MARCH TERM, 1890. 651

The State ex rel. Jacobi & Bennett v. Heege.

county, to draw a warrant on the treasurer of the county to pay a bill of costs, alleged to be due the relators from the county in certain criminal cases mentioned in the petition. The circuit court, on a hearing, made the writ peremptory, and entered a final judgment or order in accordance with the prayer of the petition. The defendants have appealed from the judgment.

There is no dispute about the facts; hence only legal questions are presented for determination. The petition states, and the return to the alternative writ admits, that the relator Hugo S. Jacobi is, and was at the times hereinafter stated, a duly elected and qualified justice of the peace for Bonhomme township, in St. Louis county. The town of Kirkwood is located in this township, and the other relator, Charles D. Bennett, at the times hereinafter stated, held the position of constable or marshal of Kirkwood. By virtue of a special act of the legislature incorporating the town of Kirkwood, and the ordinances of the town council passed in compliance with the charter requirements, the marshal, within the corporate limits of the town, possessed all the powers of a constable. Several persons· charged with being vagrants were arrested by Bennett under warrants issued by Jacobi as justice of the peace, and they were prosecuted and convicted under the general law of the state for vagrancy. For the costs incurred in these prosecutions. Jacobi made out fee bills, in which were included his and Bennett's costs, and certified and returned them to the clerk of the circuit court of St. Louis county, as required by law. R. S. 1879, sec. 2117. The cost bills were examined, approved and certified by the ʳjudge of the circuit court, and the prosecuting attorney of the county. R. S. 1879, secs. 2108, 2110, 2111. The county court refused to order a warrant to pay the fee bills, and the relators have resorted to this action for the enforcement of their rights.

The defendants' first position is that they, as county judges, in auditing fee bills for criminal costs, exercise judicial powers, and that their judgment in such matters can only be reviewed on appeal or writ of error. All of the authorities in this state are opposed to this idea, and favor the remedy by *mandamus*. When a bill of costs is properly certified by the judge of the circuit court and the prosecuting attorney, the duty of the county court in reference to its payment is purely ministerial, and, if the county court for any cause declines to act, the circuit court of the county has authority to compel the performance of the duty by *mandamus*. *Boone County v. Todd*, 3 Mo. 140; *St. Louis County v. Ruland*, 5 Mo. 268; *State ex rel. v. County Court*, 41 Mo. 254; *State ex rel. v. Smith*, 15 Mo. App. 412; *State ex rel. v. Hill*, 72 Mo. 512; *Sheridan v. Fleming*, 93 Mo. 321. The cases relied on by the defendants in support of the contrary view pertain to the allowance of coroner's fees. In auditing such fees the action of the court is judicial and not ministerial, because the statute expressly provides that in case of an inquest on a dead body the coroner's fees and costs must not be paid, unless it appears to the county court that the coroner, either before or during the view or inquest, had reasonable cause to believe that such body was that of a person who had come to his death by violence, etc. *State ex rel. v. County Court*, 83 Mo. 539; *State ex rel. v. Marshall*, 82 Mo. 484.

We will not notice the reasons assigned by the defendants for their refusal to pay Jacobi's fees, because we do not deem them of sufficient consequence. It is admitted that he was a justice of the peace of St. Louis county; that the cases, in which the costs were incurred, were prosecutions under the state law for vagrancy; and that the costs taxed by him had been examined, approved and certified by the officers, whose duty it was to pass on such claims. Under such admissions there can be no question as to Jacobi's right to

the payment of his costs. The fact that he was the recorder of the town of Kirkwood, and that there was an ordinance of the town authorizing the prosecution and punishment of vagrants, amount to nothing. The jurisdictions were concurrent and in no way conflicting.

The determination of the question touching Bennett's charges is attended with more difficulty, but we have concluded that the taxation of costs in his favor as constable was authorized by law.

The town of Kirkwood was incorporated by a special act of the legislature, and, in the charter thus granted, the board of trustees was authorized and required to appoint a town constable, or marshal, and it was made the duty of the board to prescribe his duties by ordinance. In pursuance of the power thus conferred, the board of trustees passed an ordinance defining his duties and powers. The first section of the ordinance reads as follows : ''The marshal of the town of Kirkwood shall, within the corporate limits of the town, possess all the powers and perform all the duties, which are now or shall hereafter be given by the general laws of this state to any constable of any municipal township.''

The legislature has the authority by charter to delegate to municipal corporations the power to make by-laws and pass ordinances, and the ordinances passed in pursuance of the authority, thus delegated, have, within the territorial limits of the corporation, the force and effect of laws passed by the legislature itself. The only difference is that one class of laws emanates directly from the law-making power of the state, and the other is presented in a delegated form. A city council has been denominated, ''a miniature general assembly.'' *City of St. Louis v. Foster*, 52 Mo. 513 ; *Spitler v. Young*, 63 Mo. 42 ; 1 Dillon's Municipal Corporations, sec. 308. Under this view of the law, it necessarily follows that Bennett, within the corporate

limits of the town, possessed all the powers of an ordinary constable, and was clothed with authority to act as such.

It is conceded that the arrest of the vagrants was made within the town limits; that the process was directed to Bennett as constable, and that his charges were such, as are allowed by law to constables for like services. In our opinion he is entitled to his fees, and we will, therefore, affirm the judgment. It is so ordered. All the judges concur.