THE STATE *ex rel.* C. O. TWINING *et al.*, Appellants, v. THE COUNTY COURT OF ST. LOUIS COUNTY *et al.*, Respondents.

**St. Louis Court of Appeals, February 2, 1892.**

**Dramshop License: APPEALS.** An appeal does not lie from an order of the county court granting a dramshop license.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Geo. W. Royse*, for appellants.

An appeal should have been allowed by the county court in this case, as the circuit court certainly has the power of review in such matters. R. S. 1889, secs. 3434, 3318, 6328; *In re Webster*, 36 Mo. App. 355; *Moore v. Bailey*, 8 Mo. App. 157. The act of the county court in granting the license to Edward Bartold was judicial, and an appeal lies. *State ex rel. v. Heege*, 37 Mo. App. 338; *Railroad v. City of St. Louis*, 92 Mo. 160.

No brief filed for the respondents.

BIGGS, J.—This is a *mandamus* proceeding, which was instituted in the circuit court of St. Louis county

to compel the defendants, as justices of the county court, to grant an appeal from the judgment of said county court, granting to one Barthold a license to keep a dramshop in Central township in said county. The relators are assessed taxpaying citizens of the township, and they, with others, contested the right of Barthold to a license, but their objections were overruled by the county court and the license was granted. The relators prayed an appeal to the circuit court, which the county court denied. Thereupon this proceeding was commenced to compel the defendants to allow the appeal. The court sustained a demurrer to the petition, and the relators refusing to plead further final judgment was entered on the demurrer. From that judgment the relators have appealed to this court.

The only question to be answered on this record is, will an appeal lie from a judgment of the county court granting a dramshop license? If this question is answered in the affirmative, then the judgment of the circuit court on the demurrer was wrong.

The appellate jurisdiction of the circuit courts in reference to judgments of county courts is fixed by the latter clause of section 3318, Revised Statutes, 1889, except in certain cases wherein appeals are specially provided for. That portion of section 3318 pertinent to this case reads : ''The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows : * * * *Fourth.* Appellate jurisdiction from the judgments and orders of county courts, probate courts, and justices of the peace, *in all cases not expressly prohibited by law.*'' Section 3434 provides that appeals from the county court to the circuit court shall be prosecuted in the same manner as appeals from justices of the peace, and that, when the latter court becomes possessed of the cause, it shall proceed to hear and determine the same anew without regarding any error, defect or informality

in the proceedings of the county court. How must section 3318 be interpreted? The statute nowhere *prohibits* appeals from the county court to the circuit court in any class of cases. Therefore, the limitation of the right of appeal found in the statute must be left to interpretation by the courts. The only direct interpretation put on this statute by the supreme court, of which we are aware, is to be found in the opinion in the case of *Sheridan v. Fleming*, 93 Mo. 321, where the court says that appeals are allowed from the judgments of county courts "only when in the nature of the case the circuit court can try the matter anew and give such judgment as the county court should have given." This interpretation evidently proceeds upon the idea that, as section 3434 requires all such appeals to be tried anew, an appeal in any case would necessarily be *prohibited by law*, when the circuit court would not have the right to try the subject-matter of the appeal anew, and by its judgment settle and determine the matter. The Kansas City Court of Appeals in the case of *Bean v. County Court*, 33 Mo. App. 635, decided, on the strength of the foregoing opinion of the supreme court, that, as the circuit court of Barton county could not issue a dramshop license, no appeal would lie to such court from an order thereon by the county court. This is a direct adjudication on the question in judgment in the present proceeding, and we are inclined to the opinion that the conclusion is in conformity with the ruling of the supreme court in *Sheridan v. Fleming*, *supra*. The remedy of the relators was by writ of *certiorari*. Whether such remedy would be sufficiently adequate to rectify or undo arbitrary decisions of county courts as to jurisdictional questions in the granting of dramshop licenses, it is not necessary for us to decide.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It will be so ordered.