⌈ 50  217⌉
⌊ 72  657⌋

THE STATE OF MISSOURI *ex rel.* T. J. HOUSER *et al.*, Respondent, v. MORDECAI OLIVER, Judge of the Criminal Court of Greene County, Appellant. ·

St. Louis Court of Appeals, May 17, 1892.

1. **Judge of Criminal Court:** SUPERINTENDING CONTROL OF CIRCUIT COURT. Whether the judge of a criminal court acts judicially or ministerially in certifying costs against the state under Revised Statutes, 1889, section 4412, his action is subject to the superintending control of the circuit court of his county.

2. ———: TAXATION OF FEES OF WITNESSES AGAINST THE STATE. The decision of the judge of a criminal court, and of the prosecuting attorney, of questions of fact arising under section 4420 of the Revised Statutes, 1889, is conclusive, and, therefore, their action, or that of the judge, in determining under that section that the costs of three witnesses to establish any one fact have been taxed, and that the claims of witnesses only have been rejected who were unnecessarily summoned and not examined, cannot be reviewed in a proceeding by *mandamus* against such judge, especially after a return therein by the judge, which alleges that such costs have been taxed, and that only such claims of witnesses have been rejected.

3. **Witnesses:** ACTION FOR TAXATION OF FEES. *Semble*, that a witness has no such independent right or status as entitles him to maintain ·in his own name an action or proceeding for the taxation of his fees as costs against one of the parties instead of another, but that his right to such taxation must be exercised, if at all, through the agency of a party to the suit.

*Appeal from the Greene County Circuit Court.*—HON. W. D. HUBBARD.

REVERSED *(and certified to Supreme Court)*.

*Ben. U. Massey, T. J. Delaney* and *John M. Wood,* for appellant.

*Goode & Cravens,* for respondents.

ROMBAUER, P. J.—The relators filed their petition for an alternative writ of *mandamus* in the circuit court of Greene county, praying that court to command the

defendant to certify to the state auditor the costs of attendance and mileage of ninety-five witnesses in the case of State v. Berry. The defendant, who is judge of the criminal court of Greene county, had presided at the trial of Berry on a charge of murder, and, as Berry was acquitted, the relators claimed that all costs legally incurred in the prosecution and defense were payable by the state. The relators represent only nineteen of these witnesses, and this fact appeared by their petition, yet the circuit court upon the hearing awarded a peremptory writ commanding the defendant to certify the costs, mileage and attendance of ninety-four of said witnesses. This seems to be an error of record which of itself would necessitate a reversal of the judgment. But, as a simple reversal would not indicate either to the trial judge or to the parties the proper method of proceeding in such cases, we will proceed to a full examination of other questions presented by the record.

The petition and alternative writ, after stating the facts above set out, added that none of the witnesses were unnecessarily summoned; that not more than three witnesses were summoned to prove any one fact; that the prosecuting attorney certified the entire fee bill taxing all these costs against the state of Missouri, but that the judge refused to certify the same, and in consequence thereof the state auditor would not allow them.

The defendant demurred to the alternative writ on the ground, among others, that it was improvidently issued, not being justified by the allegations contained therein. On the same ground the defendant upon the hearing objected to any testimony being received in the case. The demurrer and objections were overruled, and the court's action in that regard furnishes the first ground of complaint. The argument made by the defendant in support of these objections is confined

mainly to an attempt to show that the circuit court of Greene county has no superintending control over the defendant in the premises. That part of the argument is clearly not tenable, because, whether the defendant was acting in the premises in a ministerial capacity as a member of an auditing committee, or whether he was acting judicially as judge of an inferior court of record, he was in either event subject to the control and supervision of the Greene county circuit court. Const. of Mo., art. 6, sec. 23; *State v. Daniels*, 66 Mo. 192.

Within the limits of this demurrer, however, far more serious questions arise; namely, *first*, whether a witness has such an interest in the taxation of his costs as to enable him to maintain independent proceedings in his own name for their enforcement, and, *next*, whether in any case, where the allowance or disallowance of costs depends upon questions of fact, the determination of those questions by the trial judge who is called upon to certify to the costs, one way or the other, is not conclusive on the witness under the following applicatory sections of the Revised Statutes of 1889.

"Sec. 4411. The clerk of the court in which any criminal cause shall have been determined or continued generally shall, immediately after the adjournment of the court and before the next succeeding term, tax all costs which have accrued in the case; and, if the state or county shall be liable under the provisions of this article for such costs or any part thereof, he shall make out and deliver forthwith to the prosecuting attorney of said court a complete fee bill, specifying each item of services and the fee therefor.

"Sec. 4412. It shall be the duty of the prosecuting attorney to strictly examine each bill of costs which shall be delivered to him, as provided in the next preceding section, for allowance against the state or county, and ascertain as far as possible whether the

services which have been rendered for which charges are made, and whether the fees charged are expressly given by law for such services, or whether greater charges are made than the law authorizes, and if said fee bill has been made out according to law, or if not, after correcting all errors therein, he shall report the same to the judge of said court, either in term or in vacation, and if the same appears to be formal and correct, the judge and prosecuting attorney shall certify to the state auditor or clerk of the county court, according as the state or county is liable, the amount of costs due by the state or county on the said fee bill, and deliver the same to the clerk who made it out, to be collected without delay, and paid over to those entitled to the fees allowed."

"Sec. 4420. The judge and prosecuting attorney shall in no case tax the state or county with more than the costs of three witnesses to establish any one fact, nor with the costs of witnesses unnecessarily summoned and not examined, but the costs of such surplus or unnecessary witnesses shall, in the discretion of the court, be taxed against the party or attorney causing them to be summoned."

We state it as a general proposition, applicable to both civil and criminal cases, that witnesses have no independent right to have the costs of their attendance taxed against one party in preference to another. The most that can be said is that, where they attend under compulsory process, they have a right to have the costs of their attendance taxed against somebody, or else to have some remedy against the party summoning them. We assume that no case can be found, where a witness was permitted to intervene by any proceeding in a cause in his own name for the purpose of changing the taxation of the costs of his attendance from one party to the other. That right must be exercised, if at all,

through the agency of a party to the suit. The inconvenience and total impracticability of any other rule is too obvious for comment. The right of each witness in a case is a several right, and, if a right of action exists in him, he must exercise it separately, and, hence, each suit might give rise to a number of independent suits growing out of the mal-taxation of costs. Moreover, as a witness is not within the meaning of the statute a person aggrieved and, hence, cannot appeal, each would have to proceed by an independent suit of *mandamus* to be tried upon original evidence in the court issuing the writ in all cases where issues of fact are raised. That the statutes above quoted are not designed to create such a state is evident. For the foregoing reasons we are inclined to hold that witnesses have not such an independent right in the question of taxation of costs as to enable them to maintain an action in their own name for their taxation or retaxation.

As, however, some cases can be found which impliedly at least seem to hold to a different rule, we proceed to the examination of the second proposition, namely, whether, where the propriety of taxation depends upon contested facts, and where the taxing officer acts in a *quasi*-judicial capacity, his decision of the facts is or is not conclusive for and against the witness. In this connection it must be borne in mind that the alternative *mandamus* issued herein seeks relief based upon propositions of fact, and not upon propositions of law. It must be also borne in mind that, while the judge and prosecuting attorney in one sense act ministerially, they in another sense act judicially. As both were necessarily present at the trial, and are familiar with the whole course of it, they are presumed to know what facts were independent contested facts, so as to allow three witnesses for the proof of each, and .

what witnesses were unnecessarily summoned and not examined.

It has been frequently decided that the right of costs is a statutory right, and does not exist independent of the statute, and that all statutes relating to costs must be strictly construed. *Steele v. Wear*, 54 Mo. 531; *In re Greene*, 40 Mo. App. 491. Hence, it cannot be said that an interpretation of the statute, which makes the decision of the judge and prosecuting attorney, as far as it depends upon facts, conclusive on the question, how many witness fees should be allowed against the state in any one case, interferes in any way with vested rights. It is true that the attendance of these witnesses is compulsory, and that they may be subjected to high penalties for not attending; but it has never been questioned but that the legislature has the absolute power to fix their compensation within any limit, regardless of the value of the time of the witness. The entire argument in this cause concedes the absolute right on the part of the state to reject from the bill of costs taxable against the state the claims of all the witnesses, beyond three, summoned to prove one fact, and the claim of all witnesses unnecessarily summoned and not examined; and, yet, none of the witnesses thus summoned are advised in the one case of how many have been summoned to prove one fact, nor in the other whether the evidence they can give will be necessary or unnecessary, or whether they will be examined or not upon the trial. Each of them, therefore, necessarily takes his chances whether his attendance will or will not in any event be taxed against the state.

Under the view which we take of the statute, the decision of the judge and prosecuting attorney is in all cases, depending upon facts mentioned in the statute, conclusive both on the witness and the state. This conclusion in our view necessarily results from the

fact that these officers act in a *quasi*-judicial character in settling these fee bills, and that they are, by their situation, best fitted to pass on these claims intelligently. It also results from the further fact that the state has not seen fit to provide any practical mode of review of their proceedings. A review by *mandamus* at the instance of each witness who may claim to be aggrieved would not only bring the law into a chaotic state, but would also make the review of these questions in appellate tribunals at a distance of often many hundred miles from the place of the original trial wholly impracticable. It results from the further fact that, as above seen, a witness has no independent status in any case as far as the taxation of costs is concerned, but must enforce his claim for attendance through one or the other of the parties or by suit against one or the other of the parties at whose request he attended. All these considerations lead us to conclude that, as the claim of the plaintiffs in this case, as shown by the recitals of the alternative *mandamus*, did not depend on propositions of law on which an issue of law could be raised by the defendant's return, but depended upon propositions of fact on which the decision of the auditing officers was conclusive, the defendant's demurrer to the alternative writ should have been sustained.

But, even if we are partially concluded on this question, as far as the demurrer is concerned, by some of the decisions in this state hereinafter referred to, yet we are of the further opinion that, when the defendant made his return, wherein he stated that he did allow against the state the fees of three witnesses summoned to prove each fact, and rejected the claims of those witnesses only who were unnecessarily summoned and not examined, the court ought not to have proceeded with the case any further, but ought to have treated the return as conclusive. The return raises no issues

of law but only issues of fact. We cannot concede that it was within the contemplation of the statute that these auditing officers should, at the instance of any witness claiming to be aggrieved, be compelled to defend their action by summoning a cloud of witnesses in their behalf, at a great distance from the place of trial, and at a great personal expense to themselves, to vindicate the propriety of their action, when such action depends on propositions of fact. If such were the law, then these salutary provisions enacted for the purpose of preventing the depletion of the state treasury by the enormous accumulation of criminal costs would practically amount to a mere *brutum fulmen*. Rather than incur the danger of great inconvenience and expense to themselves necessarily resulting from a fearless exercise of their duty, these officers would allow costs of doubtful validity against the state in almost every case where the probability of litigation on their account was great. In the case at bar that point has been saved by continual objections on the part of the defendant to the admission of any evidence to contradict his return, presumably on the ground that testimony was not admissible to disprove *the facts* stated therein.

We find nothing in the previous decisions in this state which would preclude the views herein announced. In *State v. Buchanan Co.*, 41 Mo. 254; *State ex rel. v. Walker*, 80 Mo. 610, and *State ex rel. v. Heege*, 40 Mo. App. 650, the return raised questions of law and not questions of fact. In the case alone of *State ex rel. v. Hill*, 72 Mo. 512, did the return purport to raise questions of fact. If, in that case, issue had been taken on the return by denial or traverse, and the court had then proceeded to hear evidence, the case would have furnished authority by implication in opposition to the views herein expressed, but, as the pleading was a

demurrer to the return, and, hence, issues of law alone were raised, the case at most only furnishes authority by implication against the first point herein discussed, and in no way affects the soundness of our conclusion.

It results from the foregoing that the judgment of the trial court must be reversed. But as the case involves propositions of grave importance to the entire people of the state, as it is highly desirable that the law on this subject should be well understood and be uniform throughout the state, and, moreover, as there is a seeming conflict between at least one of the controlling points discussed and decided herein, and the decision of the supreme court in *State ex rel. v. Hill, supra,* the case will be certified to the supreme court for final decision. So ordered. All the judges concur.