STATE OF MISSOURI *ex rel.* HENRY TROLL, Sheriff of the City of St. Louis, Respondent, v. JOSEPH BROWN, Auditor of the City of St. Louis, Appellant.

### St. Louis Court of Appeals, January 4, 1898.

1. **Municipal Officers: JUDICIAL NOTICE.** The appellate court can not take judicial notice of municipal officers.

2. **Sheriff: SETTLEMENT WITH CIRCUIT COURT, POWER OF AUDITOR TO INQUIRE INTO: MANDAMUS.** *Held:* That the auditor of the city of St. Louis has no power or authority to inquire into the correctness of a settlement of the accounts of the sheriff of St. Louis by the St. Louis city circuit court in general term; his sole duty being to issue his warrant for the amount shown by the settlement to be due the sheriff, for refusal to do which *mandamus* will lie to compel performance.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in a separate opinion filed.

*W. C. Marshall* and *Chas. Claflin Allen* for appellant.

The circuit court is only one court, though composed of seven judges, each sitting separately "for the trial of causes and the transaction of business in special term." Const. Mo., art. 6, sec. 27. See, also, R. S. 1889, p. 2145, sec. 1; *Haehl v. R'y*, 119 Mo. 337.

It is the duty of the sheriff of St. Louis to attend the St. Louis circuit court. R. S. 1889, p. 2158, sec. 4.

As to compensation of sheriff, see R. S. 1889, sec. 4989; *Crouch v. Plumber*, 17 Mo. 420.

An officer claiming fees must point to the provisions of the statute authorizing the same or he will not

be entitled to them.    When a statute requires a duty to be performed by an officer, and does not prescribe a fee therefor, the service is presumed to be gratuitous. Throop on Officers, sec. 446; *Christ v. Polk Co.*, 48 Iowa, 302; *Shed v. R. R.*, 67 Mo. 687; *City v. Meintz*, 107 *Id.* 611–615.

*F. A. Wind* for respondent.

Each of the St. Louis circuit judges holds a court (*Haehl v. R'y*, 119 Mo. 337), and each of said courts requires the attendance of the sheriff.

The statute contemplates payment of fees for the deputy, employed in actual attendance, to reimburse the sheriff for that expense; and an additional fee for the sheriff without personal attendance.    R. S. 1889, sec. 4889; *Id.*, sec. 3267; *Id.*, secs. 3, 4, p. 2158.

The sheriff's account is audited and adjusted by each circuit judge for the court held by him, and when certified by him for payment is in effect a judgment, which the city auditor has no right to review or disregard.    R. S. 1889, sec. 3268; *State ex rel. v. St. Louis Co. Ct.*, 42 Mo. 496; *State ex rel. v. Smith*, 5 Mo. App. 429.

The final accounts of the sheriff are audited by the general term of the St. Louis circuit court, which has exclusive jurisdiction to determine their correctness. R. S. 1889, sec. 8, p. 2159.

BLAND, P. J.—This is a proceeding by *mandamus*. The alternative writ, after averring the election and qualification of respondent as sheriff of the city of St. Louis, states that one of its duties as sheriff is to attend upon all the courts of record in said city of St. Louis, at every term thereof, and that under the law he is allowed $3 per day, and $3 per day for each

deputy not exceeding two for each and every day (Sundays excepted) during the term of each court; that he did attend by himself and by deputies each of the seven divisions of the circuit court in and for the city of St. Louis during the December term, 1895, fifty-four days, and was entitled for such attendance for himself to the sum of $1,154; that he also attended each of the seven divisions of said circuit court during the February term, 1896, by himself and by deputies for fifty-four days, and that for such attendance by himself on each of said seven divisions he became entitled to the sum of $1,134; that he duly made out his accounts for such service for each of said terms, and that his accounts so made out were duly examined by the judges of the said several divisions of said circuit court in general term and allowed, and were duly certified as correct by the clerk of the said circuit court; that thereafter he presented them to defendant, Joseph Brown, the auditor of the city of St. Louis, and demanded that said auditor issue to him a warrant for said sums; that the defendant auditor allowed petitioner for his services for each of said terms (December term, 1895, and February term, 1896) the sum of $162, and disallowed $972 for each of said terms; that at the time his accounts were presented and submitted to the said Brown (auditor) there was in the hands of the treasurer of the city of St. Louis a sum of money with which to pay the said accounts upon warrants of said auditor, which moneys had theretofore been appropriated for the purpose by the municipal assembly of the city of St. Louis; that said moneys could not be collected or received by relator except upon the warrant of said auditor, wherefore he prayed for a peremptory writ of *mandamus* commanding Brown as the auditor to issue his warrant for the sum allowed by the circuit judges

and certified by the clerk. The answer to the petition and return to the alternative writ is as follows:

"Now comes said defendant, and for answer to the petition herein, and as a return to the order to show cause why a writ of *mandamus* should not issue against the the defendant, respectfully represents and shows unto the court as follows:

" 'Defendant admits that plaintiff Troll is the regularly elected and qualified sheriff of the city of St. Louis, and that it is his duty as such to attend the circuit court of the city of St. Louis, together with the other courts mentioned in the petition; that it is provided by law that the sheriff shall be allowed for his services and for the services of each deputy, not exceeding two, three dollars per day for each and every day (Sundays excepted) during the term of said court, but respondent denies that plaintiff attended each of the seven divisions of the circuit court of the city of St. Louis on fifty-four days during the December term, 1895, of said court, or that he was, or is, entitled to the sum of $1,134 therefor.

" 'Respondent admits that the account of plaintiff for said amount for said attendance was certified by the judges of said court, and by the clerk of said court, and was presented to him to be audited and that he refused to audit the same except as to $162, being $3 per day for fifty-four days of the session of the circuit court, and refused to audit $972 of said claim and account, being $3 per day for alleged attendance on six of the divisions of said court for said term.

" 'Respondent admits that there were funds sufficient to pay said account, duly appropriated by the municipal assembly, but avers that plaintiff is not entitled to more than $162 as aforesaid, which has been paid to plaintiff.

" 'Respondent further shows unto the court that the circuit court of the city of St. Louis is the circuit court of the eighth judicial circuit of the state of Missouri, and as such is only one court; that although there are seven divisions thereof, nevertheless it is but one court, and that plaintiff is only entitled to $3 a day for each and every day (Sundays excepted) that the circuit court of the eighth judicial circuit is in session during a term, and that it is manifestly a physical impossibility for plaintiff to be present, or in attendance upon, all seven divisions at all times or on all the days when said divisions may be in session.'

"Wherefore, having fully answered and shown cause, respondent prays to be hence dismissed with its costs."

The case was submitted to the circuit court upon the pleadings and the following stipulation, to wit:

"It is hereby stipulated and agreed for the purpose of a determination of this case that the sheriff, the petitioner herein, did not in person attend upon any of the seven divisions of the circuit court on any of the days during the December term, 1895, and February term, 1896, but that he attended by his deputy upon each of the seven divisions of the circuit court on each of the days of the December term, 1895, and February term, 1896."

The circuit court ordered a peremptory writ, from which, after an unsuccessful motion for a new trial, Brown duly appealed to this court.

A motion has been filed in this court by the respondent (Troll) to dismiss the appeal, for the alleged reason that Brown's term of office has expired, and that he has been succeeded in office by another person as city auditor. This fact, if it is a fact, does not appear from the record, nor by any admission or stipulation filed in the

MUNICIPAL officers: judicial notice.

case, and as this court can not take judical notice of the officers of a municipal corporation, the motion will be overruled. The point is made in respondent's brief that Brown, as auditor, can not go behind the action of the circuit court of the city of St. Louis made in general term, and that the allowance of the sheriff's fees made by the court in general term is conclusive upon the auditor, and that he is bound to issue his warrant for the fees as allowed by the court. Section 8, article 20, Revised Statutes 1889, volume 2, page 2159, reads as follows:

*Sheriff: settlement with circuit court: power of auditor to inquire into: mandamus.*

"Said sheriff shall, within ten days next after the end of each six months of his term of office, make and file in the office of the clerk of the circuit court of St. Louis city, an itemized statement, verified by oath, of all such fees, commissions, emoluments and expenses of his office for such period of six months; and such clerk shall note the filing of such statement upon the docket of the court in general term; and the court in general term shall, without delay, proceed to examine and settle with such sheriff his accounts of the fees, commissions, emoluments, and expenses of his office, and in such settlement shall carefully inquire into and charge such sheriff with all the fees, commissions, and emoluments of his office for such period; and in like manner inquire into the expenses of such office for such period; and disallow all such expenses as the court may find have been improperly incurred, and in such examination the court may compel the attendance of and examine witnesses, and compel the production of books and papers, as occasion may require; and such settlements, when made, shall be conclusive of the *amounts* of such fees, commissions, and emoluments, and of the expenses of such office." By the expressed provisions of this section the settlement of the sheriff's account by the

circuit court in general term is final and conclusive against the city of St. Louis, and binding upon all of its officers. The auditor is without right of authority to inquire into the correctness of the settlement; his sole duty is to issue his warrant for the amount shown by the settlement to be due the sheriff, and *mandamus* is the proper remedy to compel him to do so when he refuses to perform this duty.

With the concurrence of the other judges, the judgment will be affirmed.

BIGGS, J. (*concurring*).—There is a clear distinction between the attempted exercise of an *unlawful* jurisdiction and the erroneous exercise of a *lawful* one. * * * Thus in the case at bar, if the statute had imposed on the relator the duty of attending the circuit court of the city of St. Louis, and had failed to provide any compensation therefor, and the circuit judges in general term had nevertheless made an allowance for such services, that would have been an assumption of an *unlawful jurisdiction*, and hence the allowance would have been a nullity. If such had been the case, the appellant would have been justified in refusing to draw a warrant for the amount, and the courts could not have compelled him to do so. *State v. Halladay*, 70 Mo. 137; *State v. Oliver*, 50 Mo. App. 217; *State v. Heege*, 40 Mo. App. 650; *State v. Buchanan*, 41 Mo. 254; *State v. Walker*, 80 Mo. 610; *Crouch v. Plummer*, 17 Mo. 420. But the statute imposes the duty on the relator to attend the court, and it provides for his compensation therefor. The jurisdiction to determine the extent of his services and the amount to which he is entitled is vested in the judges of the circuit court in general term. In the discharge of these duties the circuit judges must construe and apply the statute and

hear evidence as to the justice of the claim. As to these matters they exercise a lawful jurisdiction, and their decision thereon is final and conclusive, both under the statute and the general law. *People v. Lawrence*, 6 Hill (N. Y.), 244. They decided that the relator was entitled to compensation for constructive attendance on each of the divisions of the circuit court, although it was conceded that he attended on none of them. I can not concur in such a construction of the statute. Under it the relator will receive annually $5,000 or $6,000 for nothing. But as before stated, I consider the action of the circuit judges in the premises final and conclusive. I therefore concur in affirming the judgment.