STATE ex rel., Respondent; LIVINGSTON MOORE, Relator, v. MONITEAU COUNTY COURT, Appellant.

Kansas City Court of Appeals, June 5, 1905.

ROADS AND HIGHWAYS: Saving Bank: Duty of Commissioner: Statutory Construction: Mandamus. Under section 9422, Revised Statutes 1899, when, upon the caving of a river bank, the road commissioner opens a new road and appoints commissioners to assess the damages and make a report thereof and the landowner takes no appeal from such assessment, the proceedings are completed, the title to the new road vests in the county and the only function of the county court is to draw a warrant for the damages and mandamus will lie to compel such action.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell*, Judge.

**AFFIRMED.**

*C. M. Gordon* for appellant.

(1) The defendants in their return to the petition set up a complete defense to relator's action. The proposed new road was not legally located unless it was laid out over safe and permanent land. Section 9422, R. S. 1899, nor unless all the requirements of the law governing the subject and for condemning private property for public use were strictly complied with, and unless this was done, the defendant court had no jurisdiction of the matter in the first instance. Spurgeon v. Bartlett, 56 Mo. App. 349; Anderson v. Pemberton, 89 Mo. 61; Railroad v. Young, 96 Mo. 39; Whitely v. Platte Co., 73 Mo. 30; Jones v. Zink, 65 Mo. App. 409; R. S. 1899, sec. 9416. (2) That in the exercise of the right of eminent domain the statute, in all its requirements, must be substantially followed, such proceedings being *in invitum,* and in derogation of common right, every jurisdictional fact must affirmatively appear—nothing will be supplied by intendment or implication. Jones v. Zink, 65 Mo. App. 409. (3) The different sections of the road law are a part of the State's general scheme of road and highway legislation and should be construed *in pari materia* with the other sections in regard to opening, changing or vacating roads. Schroeder v. Jabin, 94 Mo. App. 115.

*Moore & Williams* for relator.

(1) Mandamus was relator's proper remedy. The payment of relator's damages by the county court on the filing of the report of the commissioner, was wholly a ministerial duty. The county courts in many cases, it

is true, exercise judicial, or quasi judicial, functions, but in cases like the present, there could be no trial of an issue, and consequently, there could have been no appeal. Sheridan v. Fleming, 93 Mo. 321; State ex rel. v. Johnson, 123 Mo. 43; State ex rel. v. Heege, 40 Mo. App. 650; Bean v. County Court, 33 Mo. App. 644. (2) The general rule is, that when a claim has been allowed by the board or officer charged with the duty of passing on its validity or amount, it then becomes the duty of the auditor to audit the same, and draw his warrant on the disbursing officer. State ex rel. v. Mason, 153 Mo. 56; Merrill on Mandamus, sec. 126; State ex rel. v. McCracken, 60 Mo. App. 650; State ex rel. v. Bollinger Co., 48 Mo. 475; Williams v. Jasper Co., 27 Mo. 225; State ex rel. v. Garesche, 3 Mo. App. 526; Johnson v. Campbell, 39 Texas 83; Jast v. Wise Twp., 40 Mo. App. 573.

BROADDUS, P. J.—This is a proceeding for a mandamus to compel the county court of Moniteau county to issue to relator a county warrant for his damages assessed by reason of the appropriation of certain of his lands for a public road in pursuance of section 9422, Revised Statutes 1899. The appellant waived the issue of an alternative writ and the case was heard upon the allegations of the petition and appellant's answer in the nature of a return to a writ.

For his cause of action the relator alleges substantially that a bank of Moreau creek caved in and thereby a part of the Moreau church road washed away; that the road commissioner of the county surveyed, located and opened up a new road on relator's land and appointed road commissioners to assess his damages; and they duly assessed his damages in the sum of $100 and made report thereof to the county court. The answer, or return, in substance is as follows, that the road was not legally established, for the reason that the county road commissioner did not locate the new road on per-

manent. and safe land; that no legal damages were assessed because the board of commissioners was not first sworn to view the premises, hear complaints and assess damages, and to faithfully perform their duties; that the road commission did not file a plat of the new road with the county court; and that the damages are excessive. The relator moved for judgment on the return, which was sustained and judgment rendered accordingly, from which defendants appealed.

Said section 9422, under which relator's land was appropriated, reads as follows: "In case the bank of a river, creek or other watercourse upon which a road is situated caves or falls in, so as to render free passage impracticable or unsafe for transit, the county road commissioners shall immediately upon receiving notice thereof, survey, locate and open a new road over safe and permanent ground, and appoint a board of commissioners of three householders to assess the damages caused by the establishment of said new road, who shall immediately assess such damages, and make their report to the county court at the next term thereof: provided, that if the owner or owners of the land so assessed be not satisfied with the damages so allowed nothing in this article shall be so construed as to debar them from the privilege of proceeding to obtain further damages, as in other cases of opening, changing or establishing new roads as provided by law."

It is contended by appellant, the county court, that the road was not legally located unless it was laid out over safe and permanent land, and as the return raised an issue on that question, the action of the court in rendering judgment on the return was error. The statute was enacted for the purpose of meeting pressing necessities which could not await the usual proceedings provided for opening, changing or establishing new roads, and conferred full authority on the road commissioner to meet the emergency. It is his duty to determine the

necessity for the new road, its location, and to appoint commissioners to assess damages to land owners whose lands have been appropriated for the purpose. The county court had no authority whatever in these respects. It has no authority whatever to supervise the action of the road commissioner in locating the road. The sole responsibility is lodged with such commissioner. From the latter's action there was no appeal. It follows that the return in that respect did not present a traversable issue.

And it is contended that the return alleges that the proceedings were illegal in the respect set out, viz: For the reasons that the road commissioner did not file a plat of the new road with the county court, and that commissioners to assess damages were not first sworn to view the premises, hear complaints and faithfully perform their duties. In the first place, the section in question did not require the road commissioner to file a plat of the new road with the county court. It was his duty to survey, locate and open up the road. The filing of a plat of the road with the county court was not a prerequisite to impart validity to the proceedings. It was perhaps his duty, at some time, under the provisions of the general road law, to file such plat in order that a record be made of the road, which was the only purpose it could serve. And section 9417, Revised Statutes, does not require the commissioners to take the oath which the return alleges they failed to take. They were only required to be sworn that they would faithfully perform their duties, with which the record shows they complied. Had the return merely stated that the said commissioners were not sworn to faithfully perform their duties, or made their return in the disjunctive form, an issue would have been raised on that question as a matter of fact but not as a matter of law, as will hereafter appear.

When the road in question was surveyed, located and opened by the county road commissioner, and the

commissioners appointed by him had assessed the damages for the land taken and had reported their action to the county court, as there was no appeal by the land owners from the assessment of damages, the proceedings, under section 9422, were completed in every respect. And we consider it immaterial whether the commissioners were sworn or not. The road commissioner had appropriated the land as the emergency of the law required; and if the land owner was satisfied with the damages allowed him for his land taken, the title vested in the county for the roadway. The county could not complain, notwithstanding its court might deem that the damages allowed were excessive. It had no right to appeal. The proceedings for the appropriation having been completed, the county had but one duty to perform, and that was to credit and pay relator's damages. It was purely a ministerial duty. [State ex rel. Jacobi v. Heege, 40 Mo. App. 650; Bean v. Barton County, 33 Mo. App. 635; Sheridan v. Fleming, 93 Mo. 321.]

For the reasons given the cause is affirmed. All concur.